| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO.  4:14-CR-155 |
| | § | |
| GARY DON FRANKS | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Gary Don Franks's ("Franks") Motion for Leave to Proceed In Forma Paupris [sic] (#95).  On January 14, 2021, Franks filed a notice of appeal, which is pending before the United States Court of Appeals for the Fifth Circuit, No. 21-40050.  In his present motion, Rutherford requests that the court allow him to appeal *in forma pauperis* ("IFP"). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

Under certain circumstances, the court may grant a party leave to proceed on appeal without prepaying or giving security for fees and costs.  *See* 28 U.S.C. § 1915(a); FED. R. APP. P. 24(a). To proceed IFP, a party must submit an affidavit that includes a statement of all assets he possesses demonstrating his inability to prepay or give security for fees and that states the nature of the appeal and the affiant's belief that he is entitled to redress.  28 U.S.C. § 1915(a)(1).  A prisoner who seeks to proceed IFP must also submit a certified copy of his trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the notice of appeal.  *Id.* § 1915(a)(2).  If granted leave to proceed IFP, a prisoner is still obligated to pay the full amount of the filing fee over time, when funds exist, through an initial partial filing fee and monthly

installments withdrawn from the prisoner's account. *Id.* § 1915(b)(1), (2); *Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020). A prisoner may proceed IFP on appeal only if he is economically eligible and presents a nonfrivolous issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); *accord United States v. Rutherford*, 831 F. App'x 713, 714 (5th Cir. 2020). An issue is not frivolous if it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *accord United States v. Castillo-Chavez*, 828 F. App'x 207, 207 (5th Cir. 2020).

In this case, on December 30, 2020, the court entered an order (#93) denying Franks's Motion for Compassionate Release (#85). On January 14, 2021, Franks filed a notice of appeal, seeking to appeal the court's order dated December 30, 2020. On February 11, 2021, Franks filed the instant motion, seeking leave to proceed IFP, without any supporting documentation. The applicant has not complied with the requirements of 28 U.S.C. § 1915(a)(1) or (a)(2) and has failed to supply the consent and authorization forms required by the institution having custody of the applicant, allowing collection of fees from the inmate trust fund account or institutional equivalent. Therefore, it would appear that Franks has not made the proper economic showing to proceed IFP. Moreover, in his current motion, Franks does not state the nature of or specify any basis for his appeal of the court's denial of his request for compassionate release. Thus, Franks fails to present a nonfrivolous issue. Consequently, his Motion for Leave to Proceed In Forma Paupris [sic] (#95) is DENIED.

SIGNED at Beaumont, Texas, this 12th day of February, 2021.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE