| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:14-CR-155 |
| | § | |
| GARY DON FRANKS | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Gary Don Franks's ("Franks") *pro se* Motion for Supplemental Briefing in Franks's Motion Brought Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (#103). The court liberally construes the present motion as a motion for reconsideration of its July 6, 2022, Memorandum and Order (#102) denying his January 3, 2022, *pro se* motion for compassionate release (#98). United States Probation and Pretrial Services ("Probation") submitted an updated report, which again recommends the denial of Franks's motion. Having considered the pending motion, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.   Background

On November 9, 2015, Franks pleaded guilty pursuant to a binding plea agreement to Counts One and Two of the Indictment. Count One charged him with Possession with Intent to Distribute or Dispense Less than 50 Grams of a Mixture or Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Count Two charged him with Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Franks committed his offenses of conviction while on supervised release for Possession with Intent to Distribute or Dispense Methamphetamine and Felon in Possession of a Firearm in Case No. 4:03-CR-84(21) in the Eastern District of Texas and while on parole for Burglary of a

Habitation, Robbery, and Delivery of a Controlled Substance in Case Nos. F-91-164-A, F-91-165-A, and F-91-1051-A in the 16th Judicial District Court of Denton County, Texas. On April 18, 2016, the court sentenced Franks to 180 months' imprisonment on each of Counts One and Two, to run concurrently, followed by a 5-year term of supervised release, which consisted of 3 years as to Count One and 5 years as to Count Two, to run concurrently. On May 4, 2016, the court revoked Franks's supervised release in Case No. 4:03-CR-84(21) and imposed a 24-month sentence of imprisonment to be served consecutively to the sentence imposed in the case at bar. Franks is currently housed at United States Penitentiary Thomson, located in Thomson, Illinois ("USP Thomson").[1] Franks's projected release date is March 22, 2032.

On September 29, 2020, Franks filed his initial *pro se* motion for compassionate release (#85). On December 30, 2020, the court denied Franks's motion (#93). Thereafter, on January 14, 2021, he appealed the court's denial of his motion for compassionate release (#94). The United States Court of Appeals for the Fifth Circuit dismissed Franks's appeal as frivolous on October 13, 2021 (#97). Subsequently, Franks filed a second *pro se* motion for compassionate release (#98) and a motion to appoint counsel (#99) on January 3, 2022, which the court denied in a Memorandum and Order (#102) signed on July 6, 2022.

II.    Analysis

In the present motion, besides claiming "that he is no longer considered an ACCA [Armed Career Criminal Offender] by federal statute," Franks does not assert any novel legal arguments, raise any significant factual or legal issues warranting redress, show that he is receiving inadequate

---

[1] At the time he filed the present motion, Franks was housed at Federal Correctional Institution Talladega, located in Talladega, Alabama.

health care at the federal correctional institution where he is housed, establish that he would not pose a danger to society if released, or otherwise demonstrate that compassionate release is warranted. When a defendant moves for compassionate release, he must establish three criteria. *United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022) ("[A] prisoner seeking compassionate release must overcome three hurdles." (quoting *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022))); *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). First, he must meet one of two conditions listed in § 3582(c)(1)(A)—either the defendant has extraordinary and compelling reasons that warrant a reduction under 18 U.S.C. § 3582(c)(1)(A)(i) or the defendant is at least 70 years of age, has served at least 30 years in prison, and meets the additional requirements of 18 U.S.C. § 3582(c)(1)(A)(ii). *Shkambi*, 993 F.3d at 391; *see Rollins*, 53 F.4th at 358. Second, the defendant "must show that compassionate release is consistent with the applicable policy statements from the [United States Sentencing Commission ("Commission")]." *Shkambi*, 993 F.3d at 392; *accord Rollins*, 53 F.4th at 358. Third, the defendant "must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors."[2] *Shkambi*, 993 F.3d at 392; *accord Rollins*, 53 F.4th at 358; *United States v. Keys*, 846 F. App'x 275, 276 (5th Cir.), *cert. denied*, 142 S. Ct. 299 (2021); *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021).

---

[2] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guideline ("U.S.S.G.") provisions and policy statements; any pertinent policy statement of the Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

In his initial motion for compassionate release, Franks, then age 55,[3] asserted that extraordinary and compelling reasons for his release existed due to his medical condition, family circumstances, the threat of contracting COVID-19, and his post-sentencing rehabilitation. In its Memorandum and Order, dated December 30, 2020 (#93), the court considered these factors and determined that Franks's circumstances did not constitute an extraordinary and compelling reason warranting his early release from prison. The Fifth Circuit subsequently held in *Shkambi* that when a defendant files a motion for compassionate release on his own behalf, the Sentencing Commission's policy statement in § 1B1.13 is not applicable because that policy statement governs only motions filed by the Director of the Bureau of Prisons ("BOP"). 993 F.3d at 392; *accord Jackson*, 27 F.4th at 1090; *Cooper*, 996 F.3d at 287-88.[4]

The proposed amendments, however, revise § 1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement applicable to both defendant-filed and BOP-filed motions. The amendments also make two structural changes to § 1B1.13. First, the description of the permissible bases for a reduction in sentence is moved from the Commentary to the policy statement itself. Second, Application Notes 2 and 3 are modified and are moved into the policy statement as new subsections (e) and (d). New subsection (d) adopts the same language as Application Note 3, which states that pursuant to 28

---

[3] Franks is now 57 years old.

[4] U.S.S.G. § 1B1.13 was last amended on November 1, 2018. Until recently, the Commission has been unable to amend § 1B1.13 to incorporate the changes wrought by the First Step Act due to the lack of a quorum. The Commission consists of seven voting members and, per statute, requires four members for a quorum to amend the guidelines. 28 U.S.C. §§ 991(a), 994(a). On August 4, 2022, the United States Senate confirmed seven new members to the Commission. The Commission now has a quorum for the first time in over three years. The newly constituted Commission issued proposed amendments to the Sentencing Guidelines on April 27, 2023, with an effective date of November 1, 2023.

U.S.C. § 994(t), rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for purposes of § 1B1.13, but adds that rehabilitation of the defendant while incarcerated may be considered in combination with other circumstances in determining whether a sentence reduction is warranted.  Application Note 2 provided that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment."  New subsection (e) retains this instruction without change.

Because the proposed amendments have not yet been adopted, the court continues to view the Commission's policy statement contained in § 1B1.13 and the commentary thereto as providing guidance regarding the types of reasons that may be deemed sufficiently "extraordinary and compelling" to warrant compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.) ("Although not dispositive, the commentary to § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."), *cert. denied*, 141 S. Ct. 2688 (2021); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (upholding denial of compassionate release and recognizing that the court was guided in its analysis by the commentary to U.S.S.G. § 1B1.13).  A review of dictionary definitions also sheds light on the meaning of these terms. *See United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).  The word "extraordinary" is defined as "going beyond what is usual, regular, or customary . . . exceptional to a very marked extent," whereas the word "compelling" is defined as "forceful . . . demanding attention . . . convincing." *Extraordinary*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2007); *Compelling*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2007); *see Escajeda*, 58 F.4th at 186; *United States v. Mitchell*, No. 15-20609, 2021 WL 1827202, at *2 (E.D. Mich. May 7, 2021).

"Courts have interpreted 'extraordinary' in the context of compassionate release as 'beyond what is usual, customary, regular, or common,' and a 'compelling reason' as 'one so great that irreparable harm or injustice would result if the relief is not granted.'" *Mitchell*, 2021 WL 1827202, at *2 (quoting *United States v. Murphy*, No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020); *United States v. Sapp*, No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020)); *see Escajeda*, 58 F.4th at 186. Hence, to prevail, a prisoner seeking compassionate release must "show that he 'face[s] some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner' that leads 'irresistibly' to the conclusion that the prisoner has a 'singular' and 'remarkable' need for early release." *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *1 (5th Cir. June 22, 2023) (quoting *Escajeda*, 58 F.4th at 186).

Here, Franks's pending motion fails to provide any information that would justify reconsidering the court's prior denials of compassionate release. Franks supplies no additional details to establish the existence of medical problems that would constitute extraordinary and compelling reasons to reduce his sentence. Likewise, Franks's claims of post-sentence rehabilitation remain inadequate to justify compassionate release. Finally, Franks's assertion that he is no longer considered an armed career criminal offender is incorrect and, thus, does not warrant compassionate release.

Despite failing to elaborate on his statement that "he does know that he is no longer considered an ACCA by federal statute,"[5] Franks appears to contend that, due to a change in the law, he would receive a lesser sentence if sentenced today because he no longer qualifies as an armed career criminal offender under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e). Franks, however, is mistaken. Indeed, Probation confirmed that if Franks were sentenced today, he would still be considered an armed career criminal offender under the ACCA, and his sentencing guideline range would remain the same.

Under the ACCA, any defendant who violates 18 U.S.C. § 922(g) "and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from each other," is subject to a mandatory minimum of 15 years' imprisonment. 18 U.S.C. § 924(e). Here, Franks's offenses of conviction include a violation of 18 U.S.C. § 922(g)(1), satisfying the ACCA's initial prerequisite of committing a § 922(g) offense. In addition, according to the Sentencing Enhancement Memorandum (#71) that Probation filed before Franks's sentencing for the current offenses, Franks's criminal history includes three predicate offenses that rendered the ACCA applicable. Specifically, Franks's prior conviction in the 16th Judicial District Court of Denton County, Texas, for Burglary of a Habitation constituted a "violent felony," and his prior convictions for Delivery of a Controlled Substance in the 16th Judicial District Court of Denton County, Texas, and Possession with Intent to Distribute or Dispense Methamphetamine in the Eastern District of Texas qualified as "serious drug offenses."

---

[5] While *pro se* motions are entitled to liberal construction, "*pro se* litigants are still required to provide sufficient facts in support of their claims." *Frazier v. Morris*, No. 2:11CV104-MPM-DAS, 2014 WL 4686723, at *4 n.17 (N.D. Miss. Sept. 18, 2014) (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)). "Even under the rule of liberal construction, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Id.* (quoting *Pineda*, 988 F.2d at 23).

7

Importantly, Franks's prior convictions remain viable predicate offenses under the ACCA. For example, Franks's Texas conviction for the offense of burglary of a habitation is an enumerated offense under the ACCA.  *See* 18 U.S.C. § 924(e)(2)(B)(ii) ("[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary . . . ."); *see also United States v. Jackson*, 30 F.4th 269, 271 (5th Cir.) (confirming that "Texas burglary-of-a-habitation convictions qualify as violent felonies" under the ACCA (citing *United States v. Herrold*, 941 F.3d 173, 177, 182 (5th Cir. 2019) (en banc), *cert. denied*, 141 S. Ct. 273 (2020))), *cert. denied*, 143 S. Ct. 252 (2022).  Additionally, Franks's Texas conviction for

Delivery of a Controlled Substance remains a "serious drug offense" under the ACCA.[6] *See* 18 U.S.C. § 924(e)(2)(A)(ii) ("[T]he term 'serious drug offense' means . . . an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law . . . ."); *see also United States v. Alexander*, 776 F. App'x 860, 861 (5th Cir. 2019) (per curiam) (rejecting the defendant's argument that "his three Texas convictions for delivery of a controlled substance are not serious drug offenses for purposes of the [ACCA]

---

[6] The court notes that a "serious drug offense" under the ACCA is distinct from a "controlled substance offense" under the Sentencing Guidelines' Career Offender enhancement. A defendant is subject to a Career Offender enhancement under the Sentencing Guidelines if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The Sentencing Guidelines define a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). Although a Texas conviction for Delivery of a Controlled Substance does not constitute a "controlled substance offense" under the Sentencing Guidelines' Career Offender enhancement, it remains a valid "serious drug offense" under the ACCA. *Compare United States v. Hinkle*, 832 F.3d 569, 576-77 (5th Cir. 2016) (holding that a prior conviction for delivery of heroin could not "serve as a predicate offense under the Career Offender Guideline provision"), *and United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017) (explaining that the defendant's Texas conviction for possession with intent to deliver a controlled substance "does not qualify as a controlled substance offense under the Guidelines"), *with United States v. Clark*, 49 F.4th 889, 892-93 (5th Cir. 2022) (noting that "the definition of a 'controlled substance offense' under the Sentencing Guidelines—as addressed in *Tanksley*—differs from that of a 'serious drug offense' under the ACCA" before concluding that the defendant's prior Texas conviction for possession with intent to distribute a controlled substance "qualifies as a predicate offense under the ACCA"), *and Cain v. United States*, No. 3:18-CV-3048-L(BT), No. 3:16-CR-0026-L(BT), 2019 WL 7821468, at *2 (N.D. Tex. Oct. 28, 2019) ("[A]n offense could be found to satisfy the ACCA requirements, while the same offense would not be sufficient to trigger an enhancement under the Sentencing Guidelines."(quoting *United States v. Vickers*, 540 F.3d 356, 366 n.3 (5th Cir.), *cert. denied*, 555 U.S. 1088 (2008))), *adopted by* No. 3:18-CV-3048-L, No. 3:16-CR-0026-L, 2020 WL 511277 (N.D. Tex. Jan. 31, 2020).

enhancement" as "foreclosed by *United States v. Cain*, 877 F.3d 562, 562-63 (5th Cir. 2017), and [*Vickers*, 540 F.3d at 363-66]"), *cert. denied*, 140 S. Ct. 2520 (2020); *Vickers*, 540 F.3d at 366 (affirming the district court's conclusion that a "Texas conviction for delivery of a controlled substance was a 'serious drug offense' for purposes of the ACCA"); *Yarbrough v. United States*, No. 3:20-CV-3376-D-BH, No. 3:17-CR-198-D(1), 2023 WL 3511564, at *4 (N.D. Tex. Apr. 19, 2023) (explaining that the defendant's prior Texas conviction for delivery of a controlled substance "qualifies for the ACCA enhancement"), *adopted by* No. 3:20-CV-3376-D, No. 3:17-CR-198-D(1), 2023 WL 3514442 (N.D. Tex. May 17, 2023).  Finally, Franks's prior federal conviction for Possession with Intent to Distribute or Dispense Methamphetamine similarly remains a "serious drug offense" under the ACCA.  *See* 18 U.S.C. § 924(e)(2)(A)(i) ("[T]he term 'serious drug offense' means an offense under the Controlled Substances Act (21 U.S.C. § 801 et seq.) . . . for which a maximum term of imprisonment of ten years or more is prescribed by law . . . ."); *see also* 21 U.S.C. § 841(b)(1)(B)(viii) (providing a statutory maximum term of imprisonment of 40 years for possession with intent to distribute "5 grams or more of methamphetamine"[7]); *United States v. Moore*, 711 F. App'x 757, 760 (5th Cir. 2017) (reasoning that the district court properly considered a conviction under 21 U.S.C. § 841(a)(1) to be a "serious drug offense").  Thus, Franks would be subject to an enhancement under the ACCA if sentenced today because all three of his pertinent prior convictions remain appropriate predicate offenses.

Furthermore, Probation verified that Franks's sentencing guideline range would also remain the same if he were sentenced today.  In fact, Franks received a sentence below the applicable

---

[7] Franks's Presentence Investigation Report ("PSR") (#69) states that Franks's prior federal conviction for Possession with Intent to Distribute or Dispense Methamphetamine involved 38.9 grams of methamphetamine (actual).

10

guideline range. According to Franks's PSR and the court's Statement of Reasons (#79), the guideline range for Franks's offenses of conviction at the time of his sentencing was 188 to 235 months' imprisonment. Pursuant to a binding plea agreement, however, Franks and the Government agreed to a sentence of 180 months' imprisonment. The court accordingly imposed a 180-month sentence for both counts, to run concurrently, thereby sentencing Franks below the guideline range that would remain applicable if Franks were sentenced today.

Finally, Franks's attempt to rely on various cases concerning irrelevant predicate offenses and the ACCA's residual clause is unavailing.[8] As detailed above, Franks undisputedly would remain subject to a sentencing enhancement under the ACCA if sentenced today. Accordingly, Franks's effort to challenge his status as an armed career criminal offender under the ACCA is fruitless and cannot support his request for compassionate release. Therefore, Franks has again failed to raise any substantial factual or legal issues warranting relief, show that he is receiving inadequate healthcare at USP Thomson, or demonstrate that he would not pose a risk to society, if released.

III. Conclusion

For the foregoing reasons, Franks's *pro se* Motion for Supplemental Briefing in Franks's Motion Brought Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (#103) is DENIED.

---

[8] Specifically, Franks references *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019); *Johnson v. United States*, 576 U.S. 591 (2015); *Taylor v. United States*, 495 U.S. 575 (1990); *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019); and *Mathis v. United States*, 579 U.S. 500 (2016). Franks also cites *Concepcion v. United States*, ___ U.S. ___, 142 S. Ct. 2389 (2022). Notably, however, the Fifth Circuit recently opined that a prisoner's reliance on *Concepcion* in his appeal from the district court's denial of his motion for compassionate release was "misplaced, as [*Concepcion*] concerned a motion for a sentence reduction under section 404 of the [First Step Act]." *United States v. Taylor*, No. 22-20164, 2022 WL 17175583, at *1 (5th Cir. Nov. 22, 2022) (per curiam) (citing *Concepcion*, 142 S. Ct. at 2404).

Franks is advised that the court will not consider yet another motion for reconsideration unless he can show a significant change in circumstances.

SIGNED at Beaumont, Texas, this 6th day of July, 2023.

                                                MARCIA A. CRONE
                                      UNITED STATES DISTRICT JUDGE